# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIAM FEARS,
     Petitioner,

  vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
     Respondent.

Case No. 1:16-cv-805

Dlott, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

     Petitioner, an inmate in state custody at the London Correctional Institution, in London, Ohio, has filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions in Hamilton County Case No. B-1104238 for disrupting public service and in Hamilton County Case No. B-1106572 for theft and telecommunications fraud. (Doc. 3).[1] This matter is before the Court on the petition (Doc. 3) and respondent's motion to dismiss the petition as untimely and for containing unexhausted claims (Doc. 19), to which petitioner has filed a response in opposition (Doc. 23).[2]

     For the reasons stated below, it is recommended that the motion to dismiss (Doc. 19) be **GRANTED** on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

## I.    PROCEDURAL HISTORY

### A.    Case No. B-1104238

#### State Convictions and Sentence

     On July 13, 2011, the Hamilton County, Ohio, grand jury returned a four-count

---

[1] Respondent does not object to petitioner challenging two separate state-court convictions from the Hamilton County Court of Common Pleas in a single habeas petition, and it appears that petitioner is permitted to do so. *See, e.g.*, *Henderson v. Bunting*, No. 14-cv-2257, 2016 WL 8674627, at *1 n.1 (N.D. Ohio Jan. 8, 2016) (Report & Recommendation) (citing *Hardeman v. Quarterman*, 516 F.3d 272, 276 (5th Cir. 2008); *Jamison v. Jones*, No. 06-6145, 2006 WL 2556385, at *1 (10th Cir. Sept. 6, 2006); *Cousin v. Savage*, No. 00-15378, 2002 WL 1417104, at *1 (9th Cir. July 1, 2002), *cert. denied*, 537 U.S. 1021 (2002)), *adopted*, 2016 WL 836768 (N.D. Ohio Mar. 4, 2016).

[2] By separate order issued this date, the undersigned has denied petitioner's motions for an evidentiary hearing (Doc. 5) and for default judgment (Doc. 22).

indictment charging petitioner with four counts of disrupting public service. (Doc. 18, Ex. 1). A jury found petitioner guilty on all counts, and on March 20, 2012, petitioner was sentenced to a total aggregate prison sentence of thirty-six months in the Ohio Department of Corrections.[3] (Doc. 18, Ex. 6).

### Direct Criminal Appeal

Petitioner filed an appeal to the Ohio Court of Appeals on April 4, 2012. (Doc. 18, Ex. 7). On January 25, 2013, the Ohio Court of Appeals affirmed the trial court's judgment. (Doc. 18, Ex. 10). Petitioner did not appeal to the Ohio Supreme Court. (*See* Doc. 19, PageID 1382).

### State Post-Conviction Motions

Between March 28, 2012, and July 11, 2016, petitioner filed in the trial court numerous, often duplicative, motions for post-conviction relief. (*See* Doc. 18-2, Ex. 136, PageID 1350-58). A number of these motions are not relevant to consideration of respondent's statute-of-limitations argument because they were concluded before the one-year statute of limitations for habeas petitions that challenge state-court judgments began to run, they were filed after the limitations period had expired, or they did not qualify as "properly filed" motions for post-conviction relief. *See* 28 U.S.C. § 2244(d)(1)(setting forth a one-year statute of limitations for habeas petitions challenging state-court judgments); *see also* 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

---

[3] Because the sentences in Case Nos. B-1104238 and B-1106572 were imposed consecutively (*see* Doc. 18-1, Ex. 53, page ID 621), they form a "continuous stream" so that petitioner "remains 'in custody' under all of his sentences until all are served, and . . . may attack the conviction underlying the sentence scheduled to run first in the series," even after the sentence has expired. *Garlotte v. Fordice*, 515 U.S. 39, 41, 46 (1995). At the time petitioner filed his habeas petition, he remained in custody under his aggregate sentence of ninety months. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (explaining that a petitioner need only be "in custody" at the time his petition is filed for purposes of the habeas statute). (*See* Doc. 18, Ex. 6, PageID 367; Doc. 18-1, Ex. 52, PageID 621).

toward any period of limitation under this subsection").  The Court sets forth below only those post-conviction motions most relevant to respondent's statute-of-limitations argument:[4]

- August 27, 2012:  "Motion to Modify Sentence" (Doc. 18, Ex. 27).

- February 7, 2013:  "Motion to Mitigate/Alternative Motion for Judicial Release" (Doc. 18, Ex. 28).

- March 5, 2013:  "Motion for De Novo Review to Vacate, Modify or Correct Sentence" (Doc. 18, Ex. 34).

- April 22, 2013:  "Motion to Vacate and Correct Sentence—De Novo Review Requested" (Doc. 18, Ex. 29).

- June 12, 2013:  "Motion for Modification and Correction of Sentence" (Doc. 18, Ex. 31).

- August 1, 2013:  "Application/Motion for Re-Sentencing under New Law, effective September 30, 2011, Am. Sub. House Bill 86" (Doc. 18, Ex. 32).

In his August 27, 2012, "Motion to Modify Sentence" (Doc. 18, Ex. 27), petitioner asserted that he was entitled to concurrent sentences.  Although the record before this Court does not contain a trial court entry explicitly denying this motion (*see* Doc. 18-2, page ID 1350-51),

---

[4]  Petitioner may argue that his May 14, 2012, "Motion to Reverse, Modify, and Correct Judgment" (Doc. 18, Ex. 16) was never ruled on by the trial court and thus indefinitely tolls the limitations period.  Although the record before this Court does not reflect an express ruling by the trial court on this motion, under Ohio law, a motion is presumed denied when a trial court fails to rule on it.  *See State v. Olah*, 767 N.E.2d 755, 760 n.2 (Ohio Ct. App. 2001) (and Ohio cases cited therein) (applying the presumption to an outstanding motion in a criminal case that "[w]hen a trial court fails to rule on a motion, the motion will be considered denied"); *State v. Crawford,* No. 25506, 2013 WL 5532183, at *2 (Ohio Ct. App. Oct. 4, 2013) (same); *see also Edwards v. Warden*, No. 1:08cv850, 2009 WL 6600255, at *5 (S.D. Ohio Dec. 17, 2009) (Report & Recommendation) (applying the presumption set forth in *Olah* in rejecting the contention that the one-year statute of limitations governing federal habeas petitions was "indefinitely toll[ed]" by a state post-conviction petition that was never ruled on by the trial court), *adopted,* 2010 WL 2519659 (S.D. Ohio June 17, 2000).  Petitioner's May 14, 2012, motion was similar in its claims to motions petitioner filed on June 8 and June 18, 2012 (*see* Doc. 18, Exs. 17 & 19), which were denied, respectively, on June 20 and July 6, 2012 (*see* Doc. 18, Exs. 18 & 21).  Petitioner's May 14, 2012, motion was therefore presumed to be denied at least by July 6, 2012, prior to the start of the limitations period.

under Ohio law, a motion is presumed denied when a trial court fails to rule on it. *See Olah*, 767 N.E.2d at 760 n.2*; Crawford*, 2013 WL 5532183, at *2; *Edwards,* 2009 WL 6600255, at *5. The Court presumes that petitioner's August 27, 2012, motion was denied at least by May 3, 2013 (*see* Doc. 18, Ex. 30), when the trial court expressly denied his later filed April 22, 2013, "Motion to Vacate and Correct Sentence—De Novo Review Requested" (Doc. 19, Ex. 29), which also alleged entitlement to concurrent sentences. Petitioner did not appeal the May 3, 2013, order. (*See* Doc. 19, PageID 1384).

In his February 7, 2013, "Motion to Mitigate/Alternative Motion for Judicial Release" (Doc. 18, Ex. 28), petitioner sought to mitigate his sentence on the grounds that his convictions were supported by insufficient evidence and were against the manifest weight of the evidence. Alternatively, petitioner sought judicial release. Although, as above, the record does not contain a trial court entry explicitly denying this motion (*see* Doc. 18-2, page ID 1350-51), this Court presumes that the February 7, 2013, motion was denied at least by August 13, 2013 (*see* Doc. 18, Ex. 33), by which time (as explained below) the trial court had expressly denied petitioner's later filed March 5, April 22, June 12, and August 1, 2013, motions to modify his sentence. *See Olah*, 767 N.E.2d at 760 n.2; *Crawford,* 2013 WL 5532183, at *2; *Edwards*, 2009 WL 6600255, at *5. Petitioner did not appeal the August 13, 2013, order. (*See* Doc. 19, PageID 1384).

In his March 5, 2013, "Motion for De Novo Review to Vacate or Correct Sentence" (Doc. 18, Ex. 34), petitioner argued that his convictions were allied offenses of similar import and should have been merged under Ohio Rev. Code § 2941.25. The trial court denied the motion on May 15, 2014, finding that a collateral challenge on allied offenses is not permitted

and petitioner should have raised the claims on direct appeal. (Doc. 18, Ex. 35).[5] On December 10, 2014, the Ohio Court of Appeals affirmed, but on modified grounds, explaining that the trial court lacked jurisdiction to consider the motion because it failed to satisfy either the time restrictions of Ohio Rev. Code § 2953.21(A)(2)[6] or the jurisdictional requirements of Ohio Rev. Code § 2953.23.[7] (Doc. 39). Petitioner did not seek further review in the Ohio Supreme Court. (*See* Doc. 19, PageID 1385).

In his June 12, 2013, "Motion for Modification and Correction of Sentence" (Doc. 18, Ex. 31), petitioner sought a new sentence under "House Bill 86." In his August 1, 2013, "Motion for Resentencing under New Law" (Doc. 18, Ex. 32), he also sought a new sentence under "House Bill 86." On August 13, 2013, the trial court denied petitioner's August 1, 2013, motion. (Doc. 18, Ex. 33). This court presumes that petitioner's similar June 12, 2013, motion was also denied by this date. *See Olah*, 767 N.E.2d at 760 n.2; *Crawford,* 2013 WL 5532183, at *2; *Edwards*, 2009 WL 6600255, at *5. Petitioner did not appeal the trial court's August 13, 2013, order. (*See* Doc. 19, Page ID 1384).

---

[5] Respondent submitted a copy of the March 5, 2013, motion to this Court in his Rule 5 materials (Doc. 18, Ex. 34). *See* Rules Governing § 2254 Cases, Rule 5. Although the respondent appears uncertain as to whether this is the motion the trial court denied on May 15, 2014 (*see* Doc. 19, page ID 1384-85), the Court of Appeals refers to this motion by name ("Motion for De Novo Review to Vacate, Modify or Correct Sentence") and date (March 2013) in its Judgment Entry affirming the trial court's May 15, 2014, order. (*See* Doc. 18, Ex. 39, page ID 559).

[6] Effective March 23, 2015, the deadline for filing petitions for post-conviction relief increased from 180 days to 365 days after the date on which the trial transcript is filed in the court of appeals in the direct criminal appeal. *See* Ohio Rev. Code § 2953.21(A)(2). 2014 Sub. H.B. 663, 130th Gen. Assem. Ohio courts have applied the version of § 2953.21(A)(2) in effect at the time of the filing of the post-conviction motion. *See State v. Thomas*, No. 103784, 2016 WL 3200008, at *2 (Ohio App. June 9, 2016) (citing *State v. Worthington*, No. CA2014-12-022, 2015 WL 4716486 (Ohio App. Aug. 10, 2015)).

[7] A petitioner filing an untimely post-conviction petition or a second or successive post-conviction petition must satisfy the requirements of Ohio Rev. Code § 2953.23(A).

### Application to Reopen Direct Appeal

Meanwhile, on April 15, 2013, petitioner filed an application to reopen his direct criminal appeal pursuant to Ohio Rule of Appellate Procedure 26(B).  (*See* Doc. 18, Ex. 11).  On September 16, 2013, the Ohio Court of Appeals denied the application on the merits.  (Doc. 18, Ex. 15).  Petitioner did not appeal to the Ohio Supreme Court.  (*See* Doc. 19, page ID 1383).

### State Habeas Corpus Proceedings

On September 13, 2013, petitioner filed a state petition for habeas relief applicable to both of the underlying criminal cases (Case Nos. B-1104238 (for disrupting public service) and B-1106572 (theft, telecommunications fraud)).  (Doc. 18-2, Ex. 129).  He argued that his respective indictments were defective and that the statutes under which he was convicted were unconstitutional.  (*See id.*, PageID 1281-83).  Respondent filed a motion to dismiss, asserting that the petition was procedurally deficient and that habeas corpus was not the proper remedy.  (*See* Doc. 18-2, Ex. 130).  On November 22, 2013, the trial court granted the motion to dismiss (Doc. 18-2, Ex. 131), and on June 9, 2014, the Ohio Court of Appeals affirmed (Doc. 18-2, Ex. 132).  Petitioner did not seek further review in the Ohio Supreme Court.  (*See* Doc. 19, PageID 1401).  Petitioner filed a second state petition for habeas relief on July 13, 2016, which the trial court found to be improperly filed and dismissed on August 15, 2016.  (Doc. 18-2, Exs. 133-135).

### B.  Case No. B-1106572

### State Convictions and Sentence

On October 12, 2011, the Hamilton County, Ohio, grand jury returned a ten-count indictment charging petitioner with two counts of theft and eight counts of telecommunication

fraud. (Doc. 18-1, Ex. 43). The court found petitioner guilty on all counts, and on August 22,

2012, sentenced petitioner to a total aggregate prison sentence of fifty-four months in the Ohio

Department of Corrections to be served consecutively to the sentence imposed in Case No. B

1104238. (Doc. 18-1, Ex. 53, PageID 621).

### Direct Criminal Appeal

Petitioner filed an appeal to the Ohio Court of Appeals on August 28, 2012. (Doc. 18-1,

Ex. 54). On May 24, 2013, the Ohio Court of Appeals affirmed the trial court's judgment. (Doc.

18-1, Ex. 65). Petitioner also filed in the Ohio Court of Appeals various motions seeking to

correct his sentence. The Court of Appeals denied each of these motions by July 17, 2013. (*See*

Doc. 18-1, Exs. 61-64, 66-73; *see also* Doc. 18-2, Ex. 140, PageID 1372-73). Petitioner did not

appeal to the Ohio Supreme Court. (*See* Doc. 19, Page ID 1388).

### Application to Reopen Direct Appeal

On June 17, 2013, petitioner filed a Rule 26(B) application to reopen his direct appeal.

(Doc. 18-1, Ex. 74). The Ohio Court of Appeals denied the application on the merits on

September 16, 2013, and denied petitioner's subsequent motion to reconsider on November 26,

2013. (Doc. 18-1, Exs. 76, 78). Petitioner filed a "Motion for Leave to File a Delayed

Application for Reopening De Novo Hearing Requested" on December 15, 2014. (*See* Doc. 18-

2, Ex. 140, PageID 1372). The Ohio Court of Appeals did not rule on this motion. (*See id.*).

### State Post-Conviction Motions

As with Case No. B-1104238, petitioner filed numerous, often repetitive post-conviction

motions in the trial court. (*See* Doc. 18-2, Ex. 139, PageID 1362-71). Only those motions most

relevant to respondent's statute-of-limitations argument are set forth below:

- March 5, 2013: "Motion for De Novo Review to Vacate, Modify or Correct Sentence." [8]

- December 9, 2013: "Delayed Motion for a New Trial" (Doc. 18-1, Ex. 85).

- May 13, 2014: "Motion to Correct, Modify and Merge Allied Offenses" (Doc. 18-1, Ex. 96).

- September 19, 2014: "Motion to Merge Counts" (Doc. 18-1, Ex. 97).

- September 22, 2014: "Motion to Vacate, Correct Sentence" (Doc. 18-1, Ex. 99).

- September 22, 2014: "Motion for Leave to File a Delayed Motion for New Trial" (Doc. 18-2, Ex. 102).

- November 21, 2014: "Motion to Determine, Correct and Merge Allied Offenses of Similar Import" (Doc. 18-1, Ex. 100).

- January 12, 2015: "Application to Determine, Correct and Merge Counts Three-Ten of the Indictment, Allied Offenses of Similar Import" (Doc. 18-2, Ex. 112).

- March 12, 2015: "Motion to Vacate and Correct Sentence" (Doc. 18-2, Ex. 114).

- November 20, 2015: "Motion for Reduction of Sentence." [9]

- April 22, 2016: "Motion for Amended Entry of Sentence" (Doc. 18-2, Ex. 116).

In his March 5, 2013 (*see* footnote seven), May 13, 2014 (Doc. 18-1, Ex. 96), September 19, 2014 (Doc. 18-1, Ex. 97), and September 22, 2014 (Doc. 18-1, Ex. 99) motions to correct his

---

[8] Although respondent did not include a copy of this motion in his Rule 5 materials, a copy of this motion is available at the Hamilton County Clerk of Court's website under Case No. B-1106572. This Court may take judicial notice of court records that are available on-line to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[9] In this motion, petitioner sought a new sentence under "House Bill 86." A copy of this motion is available at the Hamilton County Clerk of Court's website under Case B-1106572. *See Lynch*, 382 F.3d at 648 n.5.

sentence, petitioner argued that his convictions were allied offenses of similar import and should have been merged under Ohio Rev. Code § 2941.25. It does not appear that the trial court ruled on the March 5, 2013, May 13, 2014, or September 22, 2014, motions. (*See* Doc. 18-2, Ex. 139, PageID 1362-71). This Court presumes, however, that these motions were denied at least by October 20, 2014, when the trial court expressly denied petitioner's September 19, 2014, "Motion to Merge Counts." (Doc. 18-1, Ex. 98). *See Olah*, 767 N.E.2d at 760 n.2; *Crawford*, 2013 WL 5532183, at *2; *Edwards*, 2009 WL 6600255, at *5. The trial court denied petitioner's similar November 21, 2014 (Doc. 18-1, Ex. 100), and January 12, 2015 (Doc. 18-2, Ex. 112), motions to merge his convictions on January 9, 2015 (Doc. 18-2, Ex. 101) and January 22, 2015 (Doc. 18-2, Ex. 113), respectively. Petitioner did not appeal the October 20, 2014, January 9, 2015, or January 22, 2015 orders. (*See* Doc. 19, PageID 1391, 1393).

The trial court denied petitioner's December 9, 2013, "Delayed Motion for a New Trial" on January 23, 2014, finding the motion to be "unjustifiably untimely" and barred by the doctrine of res judicata. (Doc. 18-1, Ex. 86). On February 12, 2014, petitioner appealed. On September 5, 2014, the Ohio Court of Appeals affirmed the trial court's decision, and on December 17, 2014, the state appellate court denied petitioner's application for reopening and for reconsideration. (Doc. 18-1, Exs. 92 & 95). Petitioner did not seek further review in the Ohio Supreme Court. (*See* Doc. 19, PageID 1391).

The trial court denied petitioner's September 22, 2014, "Motion for Leave to File a Delayed Motion for New Trial" (Doc. 18-2, Ex. 102) on October 20, 2014 (Doc. 18-2, Ex. 103). On November 25, 2014, petitioner appealed, and on July 17, 2015, the Ohio Court of Appeals affirmed, explaining that the trial court was bound by the prior decision that petitioner "failed to

demonstrate his claim that he had been 'unavoidably prevented' from timely moving for a new trial." (Doc. 18-2, Ex. 107, PageID 1048). The Ohio Supreme Court denied further review on December 2, 2015. (Doc. 18-2, Ex. 111).

Meanwhile, on March 13, 2015, the trial court denied petitioner's March 12, 2015, "Motion to Vacate and Correct Sentence." (Doc. 18-2, Exs. 114 & 115). The trial court denied petitioner's November 20, 2015, "Motion for Reduction of Sentence" on November 25, 2015.[10] (*See* Doc. 18-2, Ex. 139, PageID 1363). The court denied petitioner's April 22, 2016, "Motion for Amended Entry of Sentence" (Doc. 18-2, Ex. 116), on April 28, 2016 (Doc. 18-2, Ex. 117).

### Application for Writ of Mandamus

On July 29, 2013, petitioner filed in the Ohio Court of Appeals a petition for a writ of mandamus compelling the trial court to grant him a new sentencing hearing. (Doc. 18-2, Ex. 118). The Ohio Court of Appeals dismissed the writ on September 5, 2013 (Doc. 18-2, Ex. 122), and the Ohio Supreme Court affirmed on May 15, 2014 (Doc. 18-2, Exs. 127, 128).

### State Habeas Corpus Proceedings

As previously mentioned, on September 13, 2013, petitioner filed a state petition for habeas relief applicable to both of the underlying criminal cases (Case Nos. B-1104238 and B-1106572). (Doc. 18-2, Ex. 129). On November 22, 2013, the trial court dismissed the petition (Doc. 18-2, Ex. 131), and, on June 9, 2014, the Ohio Court of Appeals affirmed (Doc. 18-2, Ex. 132). Petitioner did not seek further review in the Ohio Supreme Court. (*See* Doc. 19, PageID 1401). Although petitioner filed a second state petition for habeas relief on July 13, 2016, the

---

[10] A copy of the trial court's entry is available at the Hamilton County Clerk of Court's website under Case B-1106572. *See Lynch*, 382 F.3d at 648 n.5.

trial court dismissed it on August 15, 2016.  (Doc. 18-2, Exs. 133-135).

## II.    CURRENT FEDERAL HABEAS PROCEEDING

Petitioner filed the instant habeas petition on August 1, 2016, raising the following grounds for relief:  (1) "[t]he trial court failed to prove each element of the crime beyond a reasonable doubt"; (2) "[t]he trial court['s] reliance on insufficient evidence violated due process"; (3) "[t]he warrant was lacking of any probable cause where police officers admitted that they never investigated the case"; and (4) "[t]he trial court refused to merge[] allied offenses of similar import under the protection of the Double Jeopardy [C]lause of the 5th Amend. U.S. Constitution."  (Doc. 3, page ID 158-160).

As previously stated, respondent has filed a motion to dismiss the petition on the grounds that it is barred by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d), and that it contains unexhausted claims.  (*See* Doc. 19, PageID 1397-1410).  Petitioner has filed a response in opposition, in which he challenges the procedural correctness of the motion to dismiss, but does not address the substantive arguments in favor of dismissal.  (Doc. 23).

## III.    THE MOTION TO DISMISS (DOC. 19) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review. Courts have found that where a federal habeas petition challenges multiple judgments, the statute of limitations is to be assessed separately with respect to each case. *See, e.g.*, *Henderson v. Bunting*, No. 1:14cv2257, 2016 WL 8674627, at *4-8 (N.D. Ohio Jan. 8, 2016) (Report & Recommendation) (analyzing the statute-of-limitations issue separately as to the state convictions at issue), *adopted*, 2016 WL 836768 (N.D. Ohio Mar. 4, 2016); *Hinkley v. Lehigh County*, No. 11-909, 2012 WL 4889282, at *2 (E.D. Pa. Oct. 16, 2012) (citing *Retic v. United States*, 321 F. App'x 865, 865-66 (11th Cir. 2009); *Williams v. Smith*, No. 11-578, 2012 WL 3985609, *2-4 (E.D. Va. Sept. 11, 2012); *Supples v. Kerestes*, No. 08-1275, 2010 WL 324431, *7-9 (W.D. Pa. Jan. 21, 2010)).

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a state-created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that

occurred at or prior to sentencing. Since petitioner was aware of the facts underlying his claims by the close of the direct review, his federal habeas petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's convictions became final "by the conclusion of direct review or the expiration for the time for seeking such review."

**A.     Petitioner's Challenge to Case No. B-1104238**

Under § 2244(d)(1)(A), petitioner's convictions in Case No. B-1104238 became final on March 11, 2013,[11] upon expiration of the forty-five day period for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' January 25, 2013, denial of his direct appeal. *See* Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i); *Gonzalez v. Thaler*, 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute commenced running on March 12, 2013, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 12, 2014, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman*

---

[11]    The forty-five day deadline for submitting a timely appeal expired on Saturday, March 9, 2013. Petitioner had until the next business day to file a timely appeal to the Ohio Supreme Court. *See* Ohio S.Ct.Prac.R. 3.03(A)(1).

*v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6 (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005)); *Vroman,* 346 F.3d at 603. A Rule 26(B) application for reopening is deemed a collateral post-conviction motion. *See Lopez v. Wilson*, 426 F.3d 339, 340-41 (6th Cir. 2005) (en banc).

The Court presumes in petitioner's favor, as does respondent (*see* Doc. 19, PageID 1401), that the statute of limitations was tolled on March 12, 2013, (the date petitioner's conviction in Case No. B-1104238 became final) by petitioner's then-pending August 27, 2012, "Motion to Modify Sentence" (Doc. 18, Ex. 27) and his February 7, 2013, "Motion to Mitigate/ Alternative Motion for Judicial Release" (Doc. 18, Ex. 28). This Court also presumes, as does respondent (*see* Doc. 19, PageID 1401), that petitioner's April, June, and August 2013 motions were "properly filed" applications for state post-conviction relief. As each of these motions were denied by August 13, 2013, they would have tolled the limitations period, at the latest, until

14

September 13, 2013, one-day after the thirty-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's August 13, 2013, entry. *See Holbrook v. Curtin*, 833 F.3d 612, 615-19 (6th Cir. 2016) (holding that the term "pending" for statutory tolling purposes includes the time in which the petitioner could have pursued a further appeal from the denial of post-conviction relief in the state courts); *see also Harper v. Warden*, No. 2:14cv1220, 2015 WL 3867262, *8 & n.3 (S.D. Ohio June 23, 2015) (Report & Recommendation) (and numerous cases therein) (taking into account for statutory tolling purposes the forty-five day period for seeking leave to appeal a state post-conviction ruling to the Ohio Supreme Court), *adopted*, 2015 WL 4538566 (S.D. Ohio July 27, 2016), *aff'd*, No. 15-3958 (6th Cir. Jan. 10, 2017).

The Court does not give petitioner the same benefit of the doubt as to the March 5, 2013, motion, which the trial court denied on May 15, 2014. As noted above, the trial court determined that petitioner's claim should have been raised on direct appeal and was not properly raised in a collateral challenge. (*See* Doc. 18, Ex. 35). On December 10, 2014, the Ohio Court of Appeals found that the motion was untimely under Ohio Rev. Code § 2953.21(A)(2) and that the trial court lacked jurisdiction to entertain the motion under Ohio Rev. Code § 2953.23. (Doc. 39). State post-conviction motions rejected by the state courts on timeliness grounds are not "properly filed" for purposes of § 2244)(d)(2). *See Allen,* 552 U.S. at 5-6; *Vroman,* 346 F.3d at 603; *see also Williams v. Warden*, No. 1:14-cv-241, 2015 WL 418017, at *9 (S.D. Ohio Jan. 30, 2015) (Report & Recommendation) (and numerous cases cited therein) (explaining that motions

which a trial court lacks jurisdiction to consider are not "properly filed"), *adopted*, 2015 WL 2142125 (S.D. Ohio May 6, 2015).[12]

Nonetheless, the limitations period did not begin to run on September 13, 2013, because on the same date petitioner filed his first state-court petition for habeas relief. (Doc. 18-2, Ex. 129). The Court agrees with respondent (*see* Doc. 19, PageID 1401) that the limitations period remained tolled until June 9, 2014, when the Ohio Court of Appeals affirmed the trial court's dismissal of petitioner's first state habeas petition, and ran uninterrupted from June 10, 2014, until expiring on June 10, 2015, well before petitioner filed his federal habeas petition on August 1, 2016.[13] Petitioner's July 2016 second state petition for habeas relief had no tolling effect because it was filed outside of the limitations period. *See Vroman*, 346 F.3d at 602.[14]

Petitioner also filed a motion for "Judicial Release" (October 21, 2013), three motions for jail time credit (December 27, 2013, December 1, 2014, and July 11, 2016), a motion for "Entry of Expired Judgment of Sentence" (October 31, 2014),[15] and a motion to "Certify a Conflict"

---

[12] Because petitioner's March 5, 2013, motion was not "properly filed," petitioner's appeal from the trial court's denial of that motion, and subsequent Rule 26(B) motion to reopen his post-conviction appeal, also did not serve to toll the limitations period. *Cf. Sands v. Bunting*, No. 3:14-cv-1960, 2015 WL 6658725, at *7-8 (N.D. Ohio Oct. 30, 2015) (quoting *Parsons v. Turner*, No. 3:12-cv-2300, 2014 WL 197781, at *4 (N.D. Ohio Jan. 14, 2014) (finding that "[a] petitioner should not enjoy the benefit of statutory tolling by promptly appealing from an otherwise improperly filed collateral petition").

[13] Respondent correctly notes that, under the mailbox rule, the filing date for a pro se petition is the date that the petitioner provided his petition to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Respondent presumes that petitioner placed his petition in the mail on August 1, 2016, the date he executed it. The Court presumes so as well.

[14] Petitioner's April 15, 2013, application to reopen his direct appeal tolled the limitations period until September 16, 2013, when the Ohio Court of Appeals denied the application to reopen. This time period does not benefit petitioner as it was also tolled by other filings.

[15] Petitioner's "Motion for Expired Judgment of Sentence," is effectively a motion for jail time credit. In that motion, petitioner argued that he had "a total of (416) days jail time credit, that reduces his sentence . . . thereby terminating and expiring said judgment in its maximum duration on July 7, 2014." A copy of this, and petitioner's other motions filed after October 21, 2013, is available at the Hamilton County Clerk of Court's website under Case

(January 1, 2015). (*See* Doc. 18-2, Ex. 136, PageID 1350). However, these motions do not serve to toll the statute of limitations in this case because they do not satisfy the requirements of the Ohio statute to qualify as "properly filed" petitions for post-conviction relief. *See* Ohio Rev. Code § 2953.21(A)(1)(a); *Thombs v. Voorhies*, No. 2:08-cv-728, 2010 WL 1727259, at *2 (S.D. Ohio Apr. 27, 2010) (Report & Recommendation) (finding that the petitioner's motion for jail time credit did not toll the statute of limitations because it "did not challenge . . . [petitioner's] conviction or sentence, but merely requested that he be considered for early release") (quoting *Fleming v. Lazaroff*, No. C-1-05-513, 2006 WL 1804546, at *3 (S.D. Ohio June 28, 2006)), *adopted*, 2010 WL 2105455 (S.D. Ohio May 25, 2010); *Cf. Cannon v. Bunting*, 5:13-cv-981, 2014 WL 6687220, at *4, *9 (N.D. Ohio Nov. 26, 2014) (holding that the petitioner's motion for judicial release did not toll the statute of limitations "because it was not a motion in which [the petitioner] sought review of his sentence"); *Imburgia v. Bradshaw*, No. 1:09-cv-2009, 2009 WL 6366761, at *3 (N.D. Ohio Dec. 9, 2009) (Report & Recommendation) (holding in accordance with numerous other cited cases that an "application for judicial release . . . did not toll running of the AEDPA limitations period, as it did not seek collateral review of the underlying conviction or sentence that resulted in petitioner's incarceration"), *adopted*, 2010 WL 1628054, at *4 (N.D. Ohio Apr. 22, 2010).

On June 12, 2014, petitioner also filed a petition in the Ohio Court of Appeals for a writ of mandamus and prohibition, relating to his requests for jail time credit, which the court dismissed on July 9, 2014. (*See* Doc. 18-2, Ex. 136, PageID 1350).[16] This filing also did not

---

No. B-1104238. *See* Lynch, 382 F.3d at 648 n.5.

[16] A copy of this document is available at the Hamilton County Clerk of Court's website under Case C-

constitute a "properly filed" motion for post-conviction relief. *See, e.g.*, *Hardiman v. Galaza*, 58 F. App'x 708, 710 (9th Cir. 2003) (finding that a petition for writ of mandamus is not an application for state post-conviction or other collateral review of the pertinent judgment under § 2244(d)(2)); *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (finding that a mandamus application seeking an order directing the trial court to perform its duty did not seek review of judgment and was not a "properly filed" motion for post-conviction relief or other collateral review for statutory tolling under § 2244(d)(2)).

Accordingly, the AEDPA limitations period expired as to petitioner's convictions in Case No. B-1104238 on June 10, 2015, and this petition is time-barred absent equitable tolling.

## B. Petitioner's Challenge to Case No. B-1106572

In Case No. B-1106572, petitioner's convictions became final on July 8, 2013, when his time for appealing to the Ohio Supreme Court expired. *See* Ohio S. Ct. P. R. 7.01(A)(1)(a)(i). The limitations period thus began to run on July 9, 2013, and absent tolling principles, expired a year later on July 9, 2014.

The statute of limitations was tolled by petitioner's Rule 26(B) application to reopen on June 17, 2013, and remained tolled until November 26, 2013, when the Ohio Court of Appeals denied his motion for reconsideration.[17] Petitioner's first state habeas petition, which was filed

---

1400337. *See* Lynch, 382 F.3d at 648 n.5.

[17] Petitioner may argue that his December 15, 2014, "Motion for Leave to File a Delayed Application for Reopening De Novo Hearing Requested" was not ruled on by the Ohio Court of Appeals and the matter remains pending before that court which indefinitely tolls the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). However, this motion, which this Court presumes was denied, *see Olah*, 767 N.E.2d at 760 n.2; *Crawford*, 2013 WL 5532183, at *2; *Edwards*, 2009 WL 6600255, at *5, did not serve to toll the statute of limitations. Petitioner's December 15, 2014, motion, which was filed after the Ohio Court of Appeals denied his initial Rule 26(B) application to reopen and his subsequent motion for reconsideration, was an improper attempt to file a successive application for reopening. *See State v. Peeples*, 652 N.E.2d 717, 718 (Ohio 1995) (per curiam)

on September 13, 2013 (Doc. 18-2, Ex. 129), provided additional tolling of the limitations period until June 9, 2014, when the Ohio Court of Appeals denied relief (Doc. 18-2, Ex. 132).

Respondent assumes, for the sake of argument, that the statute of limitations remained tolled until January 9, 2015, when the trial court denied petitioner's November 21, 2014 (Doc. 18-1, Ex. 100) post-conviction motion. (*See* Doc. 19, PageID 1404*)*. According to respondent, the statute was again tolled for eleven days while petitioner's January 12 and March 12, 2015, post-conviction motions were pending, and then ran uninterrupted until it expired on January 20, 2016. (*See id.*). Although the Court agrees with respondent's conclusion that petitioner's federal habeas petition is untimely, the Court disagrees with respondent's calculation.

For tolling purposes, the term "pending" includes the time in which the petitioner could have pursued a further appeal from the denial of post-conviction relief in the state courts. *See Holbrook*, 833 F.3d at 615-19; *Harper*, 2015 WL 3867262, at *8 & n.3. Thus, the statute did not begin to run on January 9, 2015. Moreover, by the time the statute would have begun to run from the denial of that motion (on February 9, 2015), petitioner had already filed his January 12, 2015, motion. (*See* Doc. 18-2, Ex. 112). The statute of limitations remained tolled until February 23, 2015, one day after the thirty-day period expired for filing a timely appeal from the trial court's January 22, 2015, order (Doc. 18-2, Ex. 113) denying petitioner's January 12, 2015, motion. *See Holbrook*, 833 F.3d at 615-19; *Harper*, 2015 WL 3867262, at *8 & n.3; *see also See* Ohio S.Ct.Prac.R. 3.03(A)(1). The statute then ran for seventeen days until March 12, 2015,

---

("[Rule] 26(B) makes no provision for filing successive applications to reopen."); *cf.*, *Gilcreast v. Voorhies*, No. 506-cv-556, 2007 WL 152128, at *6 (N.D. Ohio Jan. 16, 2017) (finding that a successive Rule 26(B) application was not "properly filed" for AEDPA tolling purposes). Further, any tolling effect attributable to the motions to correct his sentence that he filed in his direct appeal, *see Holbrook*, 833 F.3d at 615-19; *Harper*, 2015 WL 3867262, at *8 & n.3, which the court denied by July 17, 2013 (*see* Doc. 18-2, Ex. 140), is accounted for by other filings.

when petitioner filed his "Motion to Vacate and Correct Sentence" (Doc. 18-2, Ex. 114). The statute remained tolled until April 13, 2015, thirty-one days after the time expired for petitioner to appeal the trial court's March 13, 2015, denial (Doc. 18-2, Ex. 115) of that motion. *See Holbrook*, 833 F.3d at 615-19; *Harper*, 2015 WL 3867262, at *8 & n.3. It then ran uninterrupted for 221 days until petitioner filed his November 20, 2015, "Motion for Reduction of Sentence," which the trial court denied on November 25, 2015. (*See* Doc. 18-2, Ex. 139, PageID 1363). On December 28, 2015, the limitations period began running again. *See Holbrook*, 833 F.3d at 615-19; *Harper*, 2015 WL 3867262, at *8 & n.3; *see also See* Ohio S.Ct.Prac.R. 3.03(A)(1). Thereafter, it ran uninterrupted for 116 days until petitioner filed his April 22, 2016, "Motion for Amended Entry of Sentence," which the trial court denied on April 28, 2016. (Doc. 18-2, Exs. 116 & 117). The limitations began running again on May 30, 2016, *see Holbrook*, 833 F.3d at 615-19; *Harper*, 2015 WL 3867262, at *8 & n.3; *see also See* Ohio S.Ct.Prac.R. 3.03(A)(1), and ran uninterrupted for eleven days until expiring on June 10, 2016, more than seven weeks before he filed his federal habeas petition on August 1, 2016. Petitioner's July 13, 2016, second state habeas petition (Doc. 18-2, Ex. 133) was filed after the limitations period expired and did not provide any additional tolling effect. *See Vroman,* 346 F.3d at 602.

Petitioner also filed in the trial court a January 12, 2015, "Motion for Return of Personal Property," a March 12, 2015, "Complaint for Negligence," also seeking the return of personal property, and a September 14, 2015, "Request for Public Defender Motion for Judicial Release and Request for Hearing." (*See* Doc. 18-2, Ex. 139, PageID 1363).[18] These motions did not seek review of the judgment of conviction or sentence and do not satisfy the requirements of the

---

[18] Copies of these motions are available at the Hamilton County Clerk of Court's website under Case B-1106572. *See Lynch*, 382 F.3d at 648 n.5.

Ohio statute to qualify as "properly filed" petitions for post-conviction relief. *See* Ohio Rev. Code § 2953.21(A)(1)(a); *cf. Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (holding a "request for post-conviction relief counsel . . . does not constitute a properly filed application for State post-conviction relief").

The filing of petitioner's petition for a writ of mandamus also did not constitute a "properly filed" motion for post-conviction relief. *See, e.g.*, *Hardiman*, 58 F. App'x at 710; *Moore*, 298 F.3d at 367. Further, the Court agrees with respondent that the time during which this writ petition was pending was already tolled by other filings. (*See* Doc. 19, PageID 1405).

Accordingly, the AEDPA limitations period expired as to petitioner's convictions in Case No. B-1106572 on June 10, 2016, and this petition is time-barred absent equitable tolling.

## C.      Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at

750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling. He has not responded to the substantive arguments contained in the motion to dismiss, nor has he offered any explanation for his failure to file the habeas petition prior to the expiration of the limitations period. (*See* Doc. 23). It is well-settled in the Sixth Circuit that petitioner's pro se status or lack of legal knowledge are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting equitable tolling argument based on lack of access to trial transcript, pro se status, and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the

prisons' law library or to legal materials together or along do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

Further, petitioner has not demonstrated that he was diligent in pursuing his federal rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. Petitioner waited more than three years to file his habeas petition after his underlying convictions and sentences became final on March 12, 2013, and June 8, 2013, respectively, and instead filed numerous, repetitive motions in the state courts. *See Vroman*, 346 F.3d at 605 (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner has failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Finally, petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. This Court therefore need not reach the question of whether the claims contained in the petition have been exhausted in state court. Therefore, the motion to dismiss (Doc. 19) should be **GRANTED** and the petition for a writ of habeas corpus (Doc. 3) should be

23

**DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 19) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to any of petitioner's time-barred claims because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.[19]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


  *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[19] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIAM FEARS,                                    Case No. 1:16-cv-805
      Petitioner,

                        Dlott, J.
     vs.                                          Bowman, M.J.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
      Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).